## McCowan v. Isaacs.

May 30, 1941.

150

A. T. W. Manning and Edw. R. Hays for appellant.

J. R. Llewellyn for appellee.

OPINION OF THE COURT BY · JUDGE TILFORD—Affirming.

This action was instituted by the appellee, Lizzie L. Isaacs, against the appellant, James McCowan, and one Dave McCowan. In her petition she claimed to be the owner and entitled to the possession' of 42 acres of land, more or less, therein described, and alleged that the McCowans had entered upon the boundary, and, within the five years next before the institution of the action, had cut, carried away, and destroyed valuable timber and exercised other acts of ownership, to her damage in the sum of $125. For this amount she sought a recovery, together with a judgment adjudging her to be the owner of the land, and enjoining the appellant and his co-defendant from further trespasses. By answer and counterclaim the appellant and his co-defendant traversed the material allegations of the petition and asserted title in the appellant to a boundary containing forty acres, more or less, alleging that when the boundary described in the petition was correctly located it would not conflict or lap upon the boundary claimed by appellant. It was further alleged in defense that apapellant and appellee had procured the line between their respective boundaries to be located and established by the county surveyor and that the county surveyor had performed that service and located the line contrary to the claims asserted by the appellee. The allegations of the answer and counterclaim were traversed by a reply in which it was affirmatively pleaded as follows:

"Plaintiff says that she took a mortgage on a 58 acre tract, more or less, and a 42 acre tract, more or less, owned by one H. C. Fowler, and had said mortgage foreclosed and sold said two boundaries

of land and bid them in and obtained a Commissioner's deed for same, the said deed after giving the boundary of same described them as containing 100 acres, and that the said Hi Fowler mortgaged a 40 acre tract which he also owned to George McQueen, which mortgage was foreclosed, and the land sold, and the defendant, James McCowan became the owner of same by mean conveyances; that the defendant, James McCowan conceived the idea that as plaintiff's deed called for 100 acres he could have that amount of land laid off to her, and he could hold the rest whether it was in the deed or not; and the plaintiff's two boundaries of land surveyed out about 106 acres, or about 5 acres more than her deed called for. He had the said surveyor, Durham, lay off that 5 acres next to him (the said James McCowan) so that he could claim it in with his boundary and that he has unlawfully, illegally and without right, title or authority, entered in and upon the same as set out in plaintiff's petition herein."

The appellant did not traverse these allegations and his counsel concede that all but the five or six acres adjacent to appellant's boundary as described in the answer and counterclaim were eliminated from the controversy. The proof was taken by deposition, and on final submission the chancellor adjudged that the acreage in dispute was a part of the appellee's boundary, and that appellee was entitled to $50 damages and an injunction against appellant as prayed. This appeal is from that judgment.

There was no attempt by appellant to prove title by adverse possession to the strip of land in question, and his counsel impliedly concede that he has no paper title thereto. His major insistence is that appellee has no title to the land in controversy, and hence, may not complain of his appropriation of it. His contention that appellee is without title is predicated upon the fact the Commissioner's deed conveyed to her only 100 acres, whereas her claimed boundary, of which the boundary described in the petition and adjudged her by the chancellor is a part, contains five or six acres (the land in controversy) in excess of that amount.

It is true that the Commissioner's deed to appellee described the boundary, not by metes and bounds, but

by reference to the land surrounding it, and that the description concludes with the statement "above boundary of land consists of 2 tracts containing in both tracts 100 acres". But the two tracts referred to, as well as the 40-acre tract owned by appellant, were formerly owned by H. C. Fowler and H. C. Fowler acquired title by separate deeds from J. M. Fowler in which each tract was described by metes and bounds. The two tracts composing the boundary conveyed to appellee by the Commissioner (following the foreclosure of a mortgage thereon executed by H. C. Fowler to appellee) were described in the deeds to H. C. Fowler as containing 42 acres and 58 acres "more or less" respectively; and the tract conveyed to appellant (by the McQueens who had likewise foreclosed a mortgage executed by H. C. Fowler) was described in the deed to H. C. Fowler as containing 40 acres "more or less". The mortgage from H. C. Fowler to appellee referred to the land mortgaged as consisting of two tracts of 58 acres and 42 acres, respectively, conveyed to the mortgagor by J. M. Fowler. Furthermore, the boundary line between appellant's and appellee's tracts was established by survey made pursuant to the calls of the original descriptions in the deeds to H. C. Fowler and the deed from McQueen to appellant, and this survey conclusively showed that the acreage in dispute was within the boundaries of the 42-acre tract, which, together with the 58-acre tract constituted the "two tracts containing in both tracts 100 acres" conveyed to appellee by the Commissioner. Appellant frankly concedes that he considered himself entitled to the land in dispute because he was able to procure a surveyor who could lay off to appellee 100 acres (all appellant conceived appellee to be entitled to) without including the five or six acres adjoining appellant's line. Appellant is correct in his contention that a claimant to land must recover on the strength of his own title and not upon the weakness of his adversary's; but that well-known principle has no application here, since appellee conclusively proved a record title to the strip in controversy. The omission of the words "more or less" from the mortgage and Commissioner's deed was wholly inconsequential. Kentucky Union Co. v. Shepherd et al., 192 Ky. 447, 234 S. W. 10, 13; Rock Creek Property Co. v. Hill, 162 Ky. 324, 172 S. W. 671; Alexander v. Hill, 108 S. W. 225, 32 Ky. Law Rep. 1147.

Appellant's claim that by agreement the boundary line was established by the county surveyor, and, as so fixed, excluded from appellee's boundary the acreage in question, is supported only by his testimony that appellee's husband agreed to let the county surveyor settle the controversy by laying off to appellee 100 acres as called for by her deed. No authority in the husband to act for appellee was shown, and she testified positively that no such authority was ever, expressly or otherwise, conferred upon him.

It is also contended by appellant that the court had no power to sell more of the mortgaged land than was necessary to satisfy the debt, and that since the Commissioner reported a sale of a boundary described as consisting of two tracts containing 100 acres, a transfer of more than that amount would have been void in any event. If the principle of law referred to were applicable to the foreclosure sale through which appellee acquired title, the mortgagor or his creditors might complain of its non-observance. Certainly, appellant's rights were not affected.

It is further urged that the chancellor erred in sustaining in his final decree an attachment properly issued at the commencement of the action. However, the grounds for the attachment were not controverted, and there was evidence introduced on behalf of appellee sufficient to sustain it.

Judgment affirmed.